JUSTICE TRIEWEILER
dissenting.
I dissent from the majority opinion. I would affirm the District Court’s conclusion that:
Acceptance of the payment of rent is a waiver of a claimed breach of a Rental Agreement, only if that claimed breach is the nonpayment of rent. Section 70-24-423, MCA.
To conclude, as the majority has, that acceptance of rent waives some breach other than nonpayment of rent, will lead to absurd results, is contrary to other provisions in the Landlord and Tenant Act, and is obviously contrary to the intention of the Legislature.
The majority opinion refers to § 1-2-101, MCA, selectively. That section also provides that several provisions of a legislative act are to be construed so as to give effect to all. Furthermore, § 1-2-102, MCA, provides in part that “[i]n the construction of a statute, the intention *449 of the legislature is to be pursued if possible.” The majority opinion satisfies neither of these statutory directives.
In construing § 70-24-423, MCA, we must look at all of its terms and not isolate any particular phrase. Only by doing so can the obvious purpose of the statute be accomplished and absurd results avoided.
When § 70-24-423, MCA, is examined in its entirety, and in the context of the entire Landlord and Tenant Act, it is apparent that the Legislature intended that a landlord’s acceptance of performance by a tenant in some manner that deviated from the literal requirements of the rental agreement would constitute a waiver of the literal requirements. For example, if late payments are accepted, then late payments cannot provide the basis for termination of the contract. However, precluding a landlord from accepting rental payments as a condition to enforcing unrelated terms of the contract, ignores that statutory requirement found at § 70-24-401(1), MCA, that a landlord has “a duty to mitigate damages.” It has the effect of punishing a landlord twice where a tenant breaches a rental agreement in some manner other than by nonpayment of rent.
For example, where rental property is repeatedly damaged by a tenant, contrary to a contractual provision that it be maintained in good condition, a landlord would have to forego future rental payments during the potentially lengthy time it may take to evict the tenant for property damage. Not only does the landlord in that situation sustain property damage, but also the income which may be necessary to satisfy the landlord’s own financial obligations with regard to the property. Surely, this was never the Legislature’s intention. Obviously this result is contrary to the statutory requirement that a landlord mitigate his or her damage. For these reasons, I would affirm the District Court’s conclusion that acceptance by the landlord of payment of rent waives a tenant’s default only when that default is based on failure to pay rent.
CHIEF JUSTICE TURNAGE and JUSTICE HUNT join in the foregoing dissenting opinion.